## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION
### CASE NO: 1:07cv192-M

*Electronically Filed*

WANDA JEFFRIES, INDIVIDUALLY AND AS
EXECUTRIX OF THE ESTATE OF THOMAS V. JEFFRIES

v.

THERMO FISHER SCIENTIFIC
f/k/a THERMO FISHER SCIENTIFIC, INC.
f/k/a FISHER SCIENTIFIC INTERNATIONAL
81 Wyman Street
Waltham, MA 02454

      **SERVE:**    C.T. Corporation Systems
                          Kentucky Home Life Building
                          Louisville, KY 40202

## COMPLAINT

      Comes the Plaintiff, Wanda Jeffries, Individually and as Executrix of the Estate of Thomas V. Jeffries, by and through counsel, and for her Complaint, states as follows:

### PARTIES AND JURISDICTION

      1.      The Plaintiff, Wanda Jeffries and the Decedent, Thomas V. Jeffries, resided at all relevant times at 107 Oriole Lane, Campbellsville, Kentucky 42718;

      2.      The Plaintiff's Decedent, Thomas V. Jeffries, was at all times relevant hereto, employed by Campbellsville University, as a chemistry professor, occupational duties which caused him to be exposed to benzene-containing products of the Defendant and its predecessors.

      3.      Plaintiff, Wanda Jeffries, was at all relevant times hereto the spouse of Thomas V. Jeffries.

4. The Defendant is Thermo Fisher Scientific, Inc. f/k/a Fisher Scientific International, Inc., a corporation organized and existing under the laws of the State of Delaware with a principal place of business in the State of Massachusetts.

5. Thermo Fisher Scientific, Inc., and its predecessor(s), is a corporation which is and has been engaged in the manufacturing, refining, producing, selling, distributing, marketing and/or otherwise placing into the stream of commerce, benzene and benzene-containing products including but not limited to toluene, xylene and other solvents, chemicals and carcinogenic products.

6. There is complete diversity of citizenship between Plaintiff and Defendants. The amount in controversy exceeds $75,000.00 exclusive of costs, interest and disbursements. Jurisdiction is based upon diversity of citizenship and amount in controversy.

7. This Court has original jurisdiction of Plaintiff's claims pursuant to 28 U.S.C. § 1332. Venue is appropriate in this District under 28 U.S.C. Section 1391(a) and (c).

8. This Court has personal jurisdiction over the Defendant under KRS 454.210 (the Long Arm Statute) as this Defendant has systematically and continuously transacted business in this state, either itself or through the control of its subsidiaries, and supplied its products in this state. Moreover, this Court has specific personal jurisdiction over the Defendant by virtue of Thomas V. Jeffries' exposure to the Defendant's defective, unreasonably dangerous and ultra hazardous products in the State of Kentucky.

**FACTUAL BASIS OF CLAIM**

9. Plaintiff, Thomas V. Jeffries, in his employment, was exposed, both directly and indirectly, in the manner described herein, by means of inhalation and dermal absorption (from direct dermal contact with said product and/or dermal contact with clothes contaminated by said product,

to benzene and other benzene products, including but not limited to toluene, xylene, and other solvents, chemicals and carcinogenic products distributed, marketed and/or manufactured by the Defendant from approximately 1968 to 2004.

10. The Plaintiff's Decedent, Thomas V. Jeffries, contracted acute myeloid leukemia and other benzene-related diseases and medical conditions as a result of his occupational exposure to the benzene and benzene-containing products, within the State of Kentucky, manufactured, produced, sold, distributed, marketed and otherwise placed into the stream of commerce by the Defendant herein.

11. The Plaintiff's Decedent was diagnosed with acute myeloid leukemia in August of 2006. The Decedent died as a result of acute myeloid leukemia on October 30, 2006. Wanda Jeffries was appointed as Executrix of the Estate of Thomas V. Jeffries on December 4, 2006.

12. At all times material hereto, the Plaintiff's Decedent, Thomas V. Jeffries, was employed by Campbellsville University located at One University Drive, Campbellsville, Kentucky 42718.

13. At all times material hereto, the Plaintiff's Decedent, Thomas V. Jeffries, was a chemistry professor at Campbellsville University.

14. Plaintiff's Decedent, Thomas V. Jeffries, engaged, as a condition of his employment, in working in, around, near and being exposed, to benzene and benzene-containing products, including but not limited to toluene, xylene and other solvents, chemicals and carcinogenic products, manufactured, produced, processed, compounded, converted, sold, distributed, marketed, supplied and/or placed into the stream of commerce by the Defendant, Thermo Scientific or its predecessor.

15. The Defendant and its predecessors have for many years manufactured, sold, distributed or otherwise placed in the stream of commerce Benzene and Benzene-containing products including toluene, xylene, and other solvents, chemicals and carcinogenic products.

16. The Defendant knew that in the ordinary and foreseeable use of its benzene and benzene-containing products, benzene would be discharged in the air, inhaled, ingested and come into dermal contact with individuals working with the products, such as Plaintiff's Decedent, Thomas V. Jeffries.

17. The Defendant knew that Plaintiff's Decedent and other workers who were exposed to their benzene and benzene-containing products, would inhale, ingest and come into dermal contact with substantial amounts of benzene.

18. The benzene-containing products manufactured, produced and sold by the Defendant reached the Plaintiff's Decedent and other workers who worked with the products, without any substantial change or any alteration from their original form.

19. For many years the Defendants had in their possession and readily available to them, both actually and constructively, medical and scientific information alerting them to the grave dangers inherent to benzene and benzene exposure through benzene-containing products, including those to which Plaintiff was exposed, such dangers including, the risks of: myelodysplastic syndrome, aplastic anemia, leukemia, non-Hodgkin's lymphoma, multiple myeloma, cancers and other blood and bone marrow malignancies and maladies.

20. The Defendant has known for many years that persons such as the Plaintiff's Decedent, Thomas V. Jeffries, could be exposed to dangerous and hazardous amounts of benzene during the ordinary and foreseeable use of its benzene-containing products.

21. The benzene-containing products were sold by the Defendant in a defective condition unreasonably dangerous to the Plaintiff's Decedent, Thomas V. Jeffries.

22. The Defendant failed to warn and/or inadequately warned of the dangerous and hazardous nature of its benzene-containing products.

23. The Defendant impliedly warranted that its benzene-containing products were reasonably fit for use and safe for their intended purposes.

24. Persons such as the Plaintiff's Decedent did not know of the nature and extent of the danger presented by the ordinary and foreseeable use of Defendant's benzene-containing products.

## CLAIMS FOR RELIEF

### COUNT I

25. The Plaintiff restates each allegation contained in Paragraphs 1 through 24 as though restated herein in full.

26. The aforesaid actions of the Defendant result in its strict liability in tort for selling and placing into the stream of commerce benzene-containing products which reached the Plaintiff's Decedent, the ultimate consumer, in a defective condition unreasonably dangerous, without substantial change or alteration.

27. As the direct and proximate result of the strict liability, wrongful conduct, failures and omissions, of the Defendant, the Plaintiff's Decedent, Thomas V. Jeffries, was caused to contract and suffer disease, including acute myeloid leukemia, and injury to his body, including the systems, organs and tissues therein, as well as extremely painful, humiliating and debilitating medical procedures necessary for the treatment of his injuries and disease, causing him pain, suffering, mental anguish and humiliation.

28. As the direct and proximate result of the aforesaid wrongful conduct, failures and omissions of the Defendant, the Plaintiff's Decedent died of acute myeloid leukemia.

## COUNT II

29. The Plaintiff restates each allegation contained in Paragraphs 1 through 28 as though restated herein in full.

30. The aforesaid action of the Defendant constitutes negligence in that there has been a failure to use reasonable and ordinary care under the circumstances, and this failure has been the proximate cause of the bodily harm and death suffered by the Plaintiff's Decedent.

31. As the direct and proximate result of the aforesaid negligence, failures and omissions, of the Defendant, the Plaintiff's Decedent was caused to contract and suffer disease, including acute myeloid leukemia, and injury to his body, including the systems, organs and tissues therein, as well as extremely painful, humiliating and debilitating medical procedures necessary for the treatment of his injuries and disease, causing him pain, suffering, mental anguish and humiliation.

32. As the direct and proximate result of the aforesaid negligence, failures and omissions, of the Defendant, the Plaintiff's Decedent, Thomas V. Jeffries died as a result of acute myeloid leukemia.

## COUNT III

33. The Plaintiff restates each allegation contained in Paragraphs 1 through 30 as though restated herein in full.

34. The aforesaid actions of the Defendant constitutes a breach of the implied warranty of merchantability in that the Defendant sold its products to the employer of the Plaintiff's Decedent and impliedly warranted to the Plaintiff's Decedent that its benzene-containing products were

reasonably fit for use and safe for their intended purposes, and in fact the benzene-containing products were defective, dangerous, unfit for use and unsafe for their intended purposes.

35. As a direct and proximate result of the aforesaid breach of the implied warranty of merchantability, failures and omissions of the Defendant, the Plaintiff's Decedent, Thomas V. Jeffries, was caused to contract and suffer disease, including acute myeloid leukemia and injury to his body, including the systems, organs and tissues therein, as well as extremely painful, humiliating and debilitating medical procedures necessary for the treatment of his injuries and disease, causing him pain, suffering, mental anguish and humiliation.

36. As a direct and proximate result of the aforesaid breach of the implied warranty of merchantability, failures and omissions of the Defendant, the Plaintiff's Decedent died of acute myeloid leukemia.

## COUNT IV

37. The Plaintiff restates and realleges each allegation contained in Paragraphs 1 through 36 as though restated herein in full.

38. The aforesaid actions of the Defendant constitutes malicious willful and wanton conduct and gross negligence making it liable to the Plaintiff for punitive damages.

39. As a direct and proximate result of the aforesaid willful and wanton conduct, gross negligence, failures and omissions of the Defendant, the Plaintiff's Decedent, Thomas V. Jeffries, was caused to contract and suffer disease, including acute myeloid leukemia and injury to his body, including the systems, organs and tissues therein, as well as extremely painful, humiliating and debilitating medical procedures necessary for the treatment of his injuries and disease, causing him pain, suffering, mental anguish and humiliation.

40. As a direct and proximate result of the aforesaid willful and wanton conduct, gross negligence, failures and omissions of the Defendant, the Plaintiff's Decedent died of acute myeloid leukemia.

## COUNT V

41. Plaintiff restates each and every allegation contained in Paragraphs 1 through 40 above, as though restated and recopied herein in full.

42. As a direct and proximate result of the Defendant's actions and resulting injuries and death to the Plaintiff's Decedent, Thomas V. Jeffries, as stated above, Wanda Jeffries has been and is deprived of the societies and labors of her husband, Thomas V. Jeffries.

WHEREFORE, the Plaintiff, Wanda Jeffries, Individually and as Executrix of the Estate of Thomas V. Jeffries, demands judgment against the Defendant for an amount in excess of $75,000 for both compensatory and punitive damages, cost of the action, and all relief to which she may appear entitled, including trial by jury of all issues so triable.

Respectfully submitted,

**SALES, TILLMAN, WALLBAUM,
CATLETT & SATTERLEY**

/**s**/ *Paul J. Kelley*
Kenneth L. Sales
Paul J. Kelley
1900 Waterfront Plaza
325 West Main Street
Louisville, KY 40202
Telephone: (502) 589-5600
**COUNSEL FOR PLAINTIFF**