UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**CIVIL ACTION NO. 1:07CV-192-JHM**

**WANDA JEFFRIES, INDIVIDUALLY AND
AS EXECUTRIX OF THE ESTATE OF
THOMAS V. JEFFRIES**                                                                                          **PLAINTIFF**

**V.**

**THERMO FISHER SCIENTIFIC, ET AL.**                                                              **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on motions by Defendants, Mallinckrodt, Inc., Sigma-Aldrich, Inc., Texaco, Inc., Sun Oil Company, Hess Corporation, Sunoco, Inc., and Brenntag Northeast, Inc., to dismiss the Plaintiff's complaint pursuant to Federal Rule of Criminal Procedure 12(b)(6). [DN 125, DN 136, DN 138, DN 145]. Fully briefed, this matter is ripe for decision. For the reasons set forth below, the Defendants' motions to dismiss are granted.

**I. BACKGROUND**

Dr. Thomas Jeffries worked as a chemistry professor at Campbellsville University from 1968 to 2004. On October 30, 2006, Dr. Jeffries died of acute myeloid leukemia. On December 4, 2006, his wife Wanda Jeffries was appointed Executrix of his estate. On November 29, 2007, Wanda Jeffries filed a Complaint on behalf of herself individually and the estate of her deceased husband against Thermo Fisher Scientific, Inc. (hereinafter "Thermo Fisher") alleging that Dr. Jeffries contracted acute myeloid leukemia and died as a result of his occupational exposure to benzene and benzene-containing products manufactured and sold by Thermo Fisher.

On June 3, 2008, the Magistrate Judge granted Thermo Fisher's motion for phased discovery, with Phase I being the identification of the chemicals that Dr. Jeffries came into contact with and

of the manufacturers or suppliers of those chemicals and Phase II being general discovery relating to liability and damages. In granting the motion, the Magistrate Judge noted that "[t]here is a strong probability that [Thermo Fisher] was not the sole provider of chemicals to Campbellsville University during the nearly forty years that Thomas Jeffries worked there as a chemistry professor." (June 3, 2008, Order.)

On December 5, 2008, Thermo Fisher filed a Motion for Leave to File a Third-Party Complaint for Apportionment, naming Mallinckrodt, Inc., Sigma-Aldrich, Inc., W.M. Barr & Company, Inc., Formby's Company, Birchwood Laboratories, Inc., 3M Company, Porter Paints, and Campbellsville University, Inc. In the third-party complaint, Thermo Fisher alleged that Mallinckrodt, Inc. and Sigma Aldrich, Inc., manufactured and supplied the products to which Dr. Jeffries was exposed at Campbellsville University, that W.M. Barr & Company, Inc., Formby's Company, Birchwood Laboratories, Inc., 3M, and Porter Paints all manufactured and supplied the products to which Dr. Jeffries was exposed to at his home, and that Campbellsville University negligently breached its duty by failing to provide a reasonably safe working environment. Thermo Fisher requested that judgment be apportioned among these third-party defendants. At the third-party defendants' request, the Court dismissed them finding that Thermo Fisher had actively asserted a claim against these third-party defendants so as to preserve its right to apportionment if the evidence supports an instruction at trial.

On March 30, 2009, Plaintiff filed a motion for leave to file an Amended Complaint to add additional parties as named defendants. These Defendants (hereinafter "new Defendants") now request the Court pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff's Amended Complaint arguing that the claims contained in the Amended Complaint made against them are barred by

2

Kentucky's one year statute of limitations codified at KRS §§ 413.140(1)(a) and 413.180.

## II. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court "must construe the complaint in the light most favorable to plaintiffs, accept all well-pled factual allegations as true," League of United Latin American Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007), and determine whether the "complaint states a plausible claim for relief." Ashcroft v. Iqbal, --- U.S. ----, 129 S. Ct. 1937, 1950 (2009). Under this standard, the plaintiff must provide the grounds for his or her entitlement to relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 556). A complaint falls short of this standard if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct . . . ." Id. at 1949, 1950.

## III. DISCUSSION

Kentucky law establishes a statute of limitations of one year for personal injury actions, including products liability claims. KRS § 413.140(1)(a); McLain v. Dana Corp., 16 S.W.3d 320, 326 (Ky. Ct. App. 1999). The statute of limitations for wrongful death claims brought under KRS § 411.130 is also one year. Gaither v. Commonwealth, 161 S.W.3d 345, 346 (Ky. Ct. App. 2004)(quoting Connor v. George W. Whitesides Co., 834 S.W.2d 652, 653-654 (Ky. 1992)). KRS § 413.180(1) extends the time for filing an action resulting in the death of a person for up to one year

after the qualification of the decedent's personal representative.  <u>Connor</u>, 834 S.W.2d at 655.  Dr. Jeffries died on October 30, 2006, and Plaintiff was appointed Executrix of his estate on December 4, 2006.  Accordingly, Plaintiff had one year following her qualification as Executrix, or until December 4, 2007, to file suit against any remaining Defendants for her husband's injuries and death resulting from his exposure to chemicals manufactured or sold by Defendants.  Plaintiff's Amended Complaint was not filed until May 1, 2009 and is therefore untimely absent tolling of the statute of limitations.

Plaintiff does not challenge the statute of limitations that applies to her claims against the Defendants.  Plaintiff acknowledges that the Amended Complaint was filed more than one year following her qualification as Executrix.  Instead, Plaintiff claims that Kentucky's discovery rule tolls the statute of limitations.  Plaintiff argues that at the time she filed the original Complaint, she did not know that her husband had been injured by the new Defendants.  Plaintiff argues that she exercised reasonable diligence in attempting to identify other suppliers and manufacturers of benzene-containing products.  Plaintiff states that prior to filing the original Complaint, she conducted a search of her husband's records and belongings to try to determine the manufacturer of the benzene-containing products he used in his career.  According to Plaintiff, Dr. Jeffries was too ill to recall the names of the manufacturers.  Plaintiff also consulted with university officials, her husbands' former co-workers, and former students who could identify only Thermo Fisher as a supplier of chemicals to Campbellsville University.

Plaintiff asserts that she did not know that Mallinckrodt and Sigma supplied benzene-containing products to Campbellsville University until May 21, 2008.  Similarly, Plaintiff avers that she did not know that Texaco, Sun Oil, Hess, Sunoco, and Brenntag supplied Thermo Fisher with

4

benzene-containing products until July 23, 2008. According to Plaintiff, this information was not available at an earlier time because of the inability to obtain documents from Campbellsville University and the delays in the discovery process caused by Thermo Fisher. Plaintiff argues that until she learned the identities of these other manufacturers and suppliers of benzene-containing products, the statute of limitations could not have begun to run. Thus, Plaintiff maintains that in accordance with the discovery rule, the statute of limitations began to run against Mallinckrodt and Sigma on May 21, 2008, and against Texaco, Sun Oil, Hess, Sunoco, and Brenntag on July 22, 2008, when she discovered their distribution of such products to Campbellsville University. Alternatively, Plaintiff contends that at a minimum the question of whether she exercised reasonable diligence in determining that she had a claim against these Defendants is a question of fact for the jury.

"Under Kentucky law, the discovery rule provides that a cause of action accrues when the injury is, or should have been, discovered." McLain, 16 S.W.3d at 326 (citing Michels v. Sklavos, 869 S.W.2d 728, 732 (Ky. 1994)). "[T]he discovery rule does not operate to toll the statute of limitations to allow an injured plaintiff to discover the identity of the wrongdoer unless there is fraudulent concealment or a misrepresentation by the defendant of his role in causing the plaintiff's injuries." McLain, 16 S.W.3d at 326. See also Simmons v. South Central Skyworker's, Inc., 936 F.2d 268, 269 (6th Cir. 1991)(Kentucky's discovery rule does not toll the statute of limitations "indefinitely while a plaintiff seeks the identity of the person causing the injury."); Barnes v. Illinois Central R. R. Co., 2009 WL 1604690, *2 (W.D. Ky. June 8, 2009); McGregory v. Tractel, Inc., 2007 WL 2229321, *1 (W.D. Ky. July 31, 2007); Queensway Financial Holdings, Ltd. v. Cotton & Allen, P.S.C., 237 S.W.3d 141, 151 (Ky. 2007); Combs v. Albert Kahn & Associates, Inc., 183 S.W.3d 190, 199 (Ky. Ct. App. 2006). "A person who has knowledge of an injury is put on 'notice to investigate'

and discover, within the statutory time constraints, the identity of the tortfeasor." McLain, 16 S.W.3d at 326. According to the Sixth Circuit, the discovery rule "'is designed to assist those victims who cannot readily ascertain the causal relationship between their injury and the conduct of another. It is not designed to assist those victims, such as the Plaintiff, who can readily ascertain the causal relationship, but cannot readily ascertain the identity of the alleged tort-feasor . . . .'" Simmons v. South Central Skyworker's, Inc., 936 F.2d 268, 269 (6th Cir. 1991)).[1]

First, the Court finds that the Plaintiff cannot rely upon the discovery rule to toll the statute of limitations in this case. Plaintiff knew that her husband was injured when he was diagnosed with acute myeloid leukemia in August of 2006 and died as a result of the disease on October 30, 2006. At the very latest, the injury to Plaintiff's decedent was discovered on October 30, 2006. Similarly, Plaintiff knew of the alleged causal connection between the benzene-containing products used by the decedent at work and the decedent's illness and death. This knowledge is demonstrated by Plaintiff's filing her original Complaint against Thermo Fisher within the statutory time period. Specifically, in the original Complaint, Plaintiff asserted that Dr. Jeffries, "contracted acute myeloid leukemia and other benzene-related diseases and medical conditions as a result of his occupational

---

[1] Plaintiff argues that under both Louisville Trust Co. v. Johns-Manville Prods. Corp., 580 S.W.2d 497, 501 (Ky. 1979) and Drake v. B.F. Goodrich Co., 782 F.2d 638, 641 (6th Cir. 1986), the statute of limitations "begins to run from the date 'the plaintiff discovers or in the exercise of reasonable diligence should have discovered not only that he has been injured but also that his injury may have been caused by the defendant's conduct.'" Drake, 782 F.2d at 641. However, both the Sixth Circuit and Kentucky courts have rejected Plaintiff's argument that this language supports the conclusion that "the statute of limitations is tolled indefinitely while a plaintiff seeks the identity of the person causing his injury." Simmons, 936 F.2d at 269. Instead, "[i]n the products liability context, a potential plaintiff's awareness of an injury and of the instrumentality causing the injury is enough to trigger the limitations clock and to impose on the plaintiff the duty to discover the responsible parties." Reese v. General American Door Co., 6 S.W.3d 380, 383 (Ky. Ct. App. 1998).

exposure to the benzene and benzene-containing products . . . manufactured, produced, sold, distributed, marketed and otherwise placed into the stream of commerce by the Defendant herein." (Complaint at ¶ 10.) Plaintiff's claims against Thermo Fisher asserted in the original Complaint are identical to the claims made against the new Defendants. (Amended Complaint at ¶ 18.) Furthermore, Plaintiff has not alleged that the new Defendants engaged in any fraudulent concealment or misrepresentations regarding their role as a supplier of benzene-containing products to Campbellsville University.

Accepting the facts as true in the Plaintiff's Complaint and Amended Complaint, Plaintiff knew of the injury and knew that injury was caused by the parties that manufactured, produced, sold, distributed, marketed and otherwise placed into the stream of commerce the benzene products. "The statute of limitations period should not be extended to give Plaintiff[] an additional opportunity to determine which of these parties was the proper tortfeasor." Barnes v. Illinois Central R. R. Co., 2009 WL 1604690, *2. See also Reese v. General American Door Co., 6 S.W.3d 380, 383 (Ky. Ct. App. 1998)("the plaintiff's mere failure to locate or identify potential defendants does not excuse his or her untimeliness."). Application of the discovery rule under such circumstances "would defeat the very purpose of the limitations." McLain, 16 S.W. 3d at 326. Accordingly, the Court finds that the discovery rule does not apply to this case; thus, Plaintiff's claims against the new Defendants are untimely because the claims were not brought on or before December 4, 2007.

Second, the Court rejects Plaintiff's alternative argument that the question of whether she was reasonably diligent in determining the identity of the proper tortfeasor and ultimately the date that the cause of action accrued must be submitted to the jury. Plaintiff's reliance on Lipsteuer v. CSX Transportation, Inc., 37 S.W.3d 732 (Ky. 2000), in support of this argument is misplaced.

Contrary to Plaintiff's argument, the Kentucky Supreme Court in <u>Lipsteuer</u> did not address the issue of whether the plaintiff was reasonably diligent in determining the identity of the tortfeasor. Instead, in <u>Lipsteuer</u>, the plaintiff maintained that he was not aware of the instrumentality of his injury until October 1993 when his doctor informed him that his illness could be work-related, while the defendant argued that the plaintiff learned of the instrumentality in 1992 barring the plaintiff's claim. The Kentucky Supreme Court recognized that the discovery rule provides "that a cause of action accrues when a plaintiff knows or, in the exercise of reasonable diligence, should know of both the injury and its cause." <u>Id.</u> at 737. The Court held that a factual dispute existed concerning when plaintiff became aware of the causal connection between his injuries and his workplace warranting submission to the jury on remand. <u>Id.</u> Unlike the plaintiff in <u>Lipsteuer</u>, the Plaintiff in the present case knew both of the injury and the causal connection between Dr. Jeffries' injury and workplace as demonstrated by the information plead in the original Complaint.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motions by Defendants, Mallinckrodt, Inc., Sigma-Aldrich, Inc., Texaco, Inc., Sun Oil Company, Hess Corporation, Sunoco, Inc., and Brenntag Northeast, Inc., to dismiss the Plaintiff's complaint pursuant to Federal Rule of Criminal Procedure 12(b)(6) [DN 125, DN 136, DN 138, DN 145] are **granted**.

cc: counsel of record